Cornetta, Roberta., J.
This matter comes before the Court upon petition seeking judicial review of an agency decision made after a hearing conducted by the defendant Board of Registration of Home Inspectors.
The petition is brought pursuant to G.L. Ch. 112, s.226 and G.L. Ch. 30A, the Massachusetts Administrative Procedures Act.
Pursuant to the standard of review under the statute, the Court is called upon to determine whether or not the agency (in this case the Board of Registration of Home Inspectors) has acted in a manner that was arbitrary, capricious or in access of statutory authority. The Court must also determine if the agency decision is constitutionally infirm, is based upon error of law, made under unlawful procedure, is unsupported by substantial evidence or is unwarranted based upon facts found by the Court upon the record submitted. (See: G.L. Ch. 30A, s.l4(7).) The hearing before the Court upon judicial review is not de novo in nature.
The parties appeared before this Court and were heard upon motion for summary judgment (Mass'.R.Civ.P. 56) and have requested the Court to determine if upon judicial review the hearings officer’s final decision issued in this matter ought to be affirmed, modified or set aside.
I.
A review of the record before the Court in this matter confirms that it has had a long and tortured history. The parties have struggled since the year 2002 over complaints brought against the defendant regarding his home inspection activities. There have been numerous agency hearings and interim actions taken.
In the final analysis, the agency has now determined after a protracted hearings process that there is sufficient evidence to support six (6) separate complaints against the plaintiff for acts and omissions that occurred during home inspections he conducted as a licensed home inspector in Massachusetts.
Upon said determination, the agency has ordered sanctions to be imposed as follows:
1. Levy of a civil financial penalty of one thousand ($1,000.00) dollars;
2. Indefinite suspension of the plaintiffs home inspector’s license pending:
a. payment of the civil penalty
b. the taking and passing of the National Home Inspector Examination administered by the Examination Board of Professional Home Inspectors
c. completion of a three (3) hour continuing education course in report writing;
3. A term of probation of one (1) year following the reinstatement of the plaintiffs home inspector’s license.
The plaintiff has claimed numerous errors in the agency decision ranging from freedom of speech contentions to due process violations and the imposition of sanctions outside the scope of the agency’s enabling legislation.
*187 Insofar as the plaintiffs claims challenging those findings by the agency that he violated duly promulgated regulations of the board in his practices in at least six (6) instances, those claims upon judicial review and based upon the record before this Court are found to be without merit.
The record before this Court establishes an adequate basis for the agency’s conclusions that as to the six (6) complaints cited, the plaintiff did violate agency regulations in his carrying out the home inspections in question. There are no freedom of speech consequences implicated in the agency’s findings especially as regards the determination that the plaintiff (or any licensed home inspector) ought not to be providing information or advice regarding the cost of home repairs or the value of property as part of the home inspection process.
Nor is there a constitutional free speech violation established where the agency acting under a delegation of authority from the legislature prohibits a licensed home inspector from seeking to limit professional liability via language published by the home inspector upon any of his/her literature or documents provided to consumers, including contracts.
G.L. Ch. 112, s.225(v) prohibits licensed home inspectors from “attempting to limit liability for negligent or wrongful errors or omissions by use of a clause within a performance contract that limits the cost of damages for negligent or wrongful errors or omissions.” In interpreting the term performance contract the plaintiff urges this Court to limit the prohibition’s application only to the actual printed contract document signed by the parties and used by the home inspector to bind the homeowner or consumer. Such a limited interpretation would clearly impact the statute in a way the legislature never intended.
All of the documents produced by the registered home inspector and presented to the homeowner/consumer constitute an information and disclosure package which makes up the entire contract between the parties. To seek to limit the language of the statute to just one of those documents based upon the caption that it carries as set down in writing by the registered home inspector is clearly contrary to the legislative intent. The public policy advanced here is to provide the homeowner/consumer with a level playing field in the marketplace between himself/herself and the registered home inspector, especially where the registered home inspector makes an error that causes damage to the homeowner/consumer. To interpret the statute’s language and intent in any other fashion simply negates the intended public policy of the statute and as such, the interpretation cannot withstand examination upon judicial review.
The intent of the legislature in establishing the statute is quite clear. It determined that these prohibitions be written into the law as a consumer protection device. There is no constitutional infirmity in the legislature’s actions nor in the agency’s enforcement of legislative intent. The balance of the plaintiffs due process claims upon judicial review are not supported by the record before this Court.
II.
We must now look to the sanctions the agency has imposed to determine if they comport with the standard as set out under G.L. Ch. 30A.
The plain language of the statute states that the agency may, after hearing and upon findings made impose up to one thousand ($1,000.00) dollars in civil financial penalties for each violation found. The agency has determined to impose one (1) such civil financial penalty upon six (6) violations found. Clearly, the agency has not violated the statute in undertaking this action.
Similarly, the statute provides for the agency’s imposition of suspension, revocation, cancellation or the imposition of probation upon a home inspector’s license upon violations found. Once again, the agency action here is not in violation of the statute.
The statute further provides for completion of continuing education or training or both as a potential sanction the agency may impose and as a condition of a home inspector retaining or regaining his or her license. The agency action in this case also comports with that statutory grant of authority to it.
Finally, there is the imposed sanction of the plaintiffs being required to take and pass an examination administered by the Examination Board of National Home Inspectors as a condition of his regaining and retaining his home inspector’s license as issued by the board.
Here, there is a problem.
While G.L. Ch. 112, Section 226(3) provides for the sanction of “order (ing) the licensee to complete continuing education or training or both as a condition of retention or future consideration or reinstatement of such license,” nowhere within the enabling legislation is there found a grant of authority to the board that would permit imposition of a sanction of taking and passing an industry-based examination as a condition of re-licensure.
It is axiomatic within this Commonwealth that statutes are to be read and strictly construed in determining the intent of the legislature. If the legislature intends a particular delegation of authority to an agency, it must be found within the language of the statute. Otherwise, no such delegation has been made.
(Citations omitted.)
In this instance, had the legislature as part of Section 226 intended that the agency be able to impose an examination requirement as part of reinstatement or retention of a home inspector’s license, it would have stated so in the statute. It did not and thus, no *188 such delegation of authority has been made by the legislature to the agency.
The sanction of requiring that the plaintiff take and pass such an examination is thus found to be in excess of its statutory authority and thus under the standards set out under G.L. Ch. 30A must be set aside.
III. ORDER
After full hearing and consideration of the parties’ arguments and upon review of the record before this Court, that portion of the Board of Registration of Home Inspector’s decision in this matter imposing a sanction of the plaintiff s taking and passing the National Home Inspector Examination administered by the Examination Board of Professional Home Inspectors as a condition of the reinstatement of his home inspector’s license issued by the board is hereby ordered stricken based upon rulings set out herein.
The balance of the agency’s decision is affirmed by this Court upon judicial review pursuant to G.L. Ch. 112, Section 226 and G.L. Ch. 30A.
Pursuant to Rule 58, the clerk magistrate shall now docket this final judgment and notify the parties accordingly.